Katherine SIMMS, Appellant

v.

Patricia R. HARRIS.

No. 79-2035.

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 15, 1980.

Decided Nov. 5, 1980.

Russell B. Kinner, Washington, D. C., for appellant.

Nathaniel H. Speights, Sp. Asst. U. S. Atty., for appellee.

Charles F. C. Ruff, U. S. Atty., John A. Terry, Michael W. Farrell and Benjamin B. Sendor, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before TAMM and MacKINNON, Circuit Judges, and PRATT *, United States District Judge for the District of Columbia.

Opinion PER CURIAM.

PER CURIAM:

The district court affirmed the denial by the Secretary of Health and Human Services (Secretary)[1] of appellant's claims for a period of disability, disability insurance

* Sitting by designation pursuant to 28 U.S.C. § 292(a).

1. This action was filed before the redesignation of the Department of Health, Education and Welfare as the Department of Health and Human Services. See 20 U.S.C.A. § 3508 (West Supp. 1980).

benefits, and supplemental security income. Appellant took a timely appeal from the district court judgment.

Appellant was born on May 28, 1924. For most of her adult life she has performed janitorial and domestic work in the District of Columbia metropolitan area. She last held a full-time janitorial position in December of 1974, but since that time has continued to perform domestic duties for a few days a week. Appellant claims that she is unable to engage in substantial gainful employment because she has lost the effective use of her hands, because she suffers from heart disease, and because she has degenerative arthritis in her hips and knees.

To obtain the benefits she seeks, appellant must establish her disability, which is defined as

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A) (1976).

Following a full hearing, an administrative law judge (ALJ) made the following crucial findings of fact, which were made a part of the final decision of the Secretary by the Bureau of Hearings and Appeals of the Social Security Administration:

5. Claimant's impairment or combination of impairments do not rise to the status of disability as established by the Social Security Act, as amended, both as to her application for Disability Insurance Benefits and Supplemental Income Benefits.

6. Claimant is able to indulge [sic] in substantial gainful activity and is thus precluded from the payment of any benefits.

Administrative Record (Admin.R.) at 28. The scope of our review of these findings is mandated by statute: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g) (1976). Although appellant asserts that her "claim for disabil-

ity benefits is supported overwhelmingly by the evidence in the record," Appellant's Brief at 10, we find that the Secretary's findings are supported by substantial evidence.

A number of medical opinions comprise a portion of the administrative record in the form of documentary evidence. Although there is some evidence in the record that appellant's physical impairments prohibit her from engaging in substantial gainful activity, there is also substantial evidence which supports a more limited view of appellant's impairments. We agree with the Appeals Council of the Bureau of Hearings and Appeals when it stated:

The record contains, of course, some conflicting evidence with regard to the degree of the claimant's impairments. The administrative law judge recognized the conflict and as trier of the facts chose between the conflicting evidence in arriving at his findings of the medical evidence of record. Resolution of such discrepancies is within the province of the administrative law judge.

Admin.R. at 6.

Appellant also contends that the ALJ relied on a misinterpretation of Social Security Administration (SSA) regulations on the evaluation of work activities, 20 C.F.R. §§ 404.1532–.1534, in arriving at his conclusion that appellant was capable of engaging in substantial gainful activity. Section 404.1534 contains two levels of incomes for all pertinent years. If the claimant's income is above the higher level then the SSA "will ordinarily consider that a person's earnings from work activity show that he or she has done substantial gainful activity if . . . [t]here is no evidence that the person was unable to do substantial gainful activity under the rules in §§ 404.1532 and 404.-1533 and paragraph (a) of this section." 20 C.F.R. § 404.1534(b)(1) (1979). If the claimant's income is below the lower level than the SSA "will ordinarily consider that a person's earnings from work activity as an employee show that he or she has not done substantial gainful activity if . . . [t]here is no evidence that the person was able to do

substantial gainful activity under the rules in §§ 404.1532 and 404.1533 and paragraph (a) of this section." *Id.* § 404.1534(b)(2). If a claimant's earnings are between the two levels, then the SSA "will look at the circumstances surrounding the work activity (see §§ 404.1532 and 404.1533 and paragraph (a) of this section) together with the medical evidence of the impairment or impairments and other factors." *Id.* § 404.-1534(b)(3).

Thus sections 404.1532, 404.1533 and 404.-1534(a) must always be considered when a claimant's work activities are evaluated, regardless of income level. These regulations contain factors that bear on whether a claimant's work activities will establish the claimant's ability to engage in substantial gainful activity. For instance, if the work performed is minimal or trifling, then it will not demonstrate an ability to engage in substantial gainful activity. *See id.* § 404.-1532(d).

Based on appellant's testimony and work records, the ALJ found that appellant earned the following amounts in the following years:

| | |
|---|---|
| 1975 | $ 2160 |
| 1976 | 3072 |
| 1977 | 2880 |
| 1978 | 3784 |

Admin.R. at 27.

As can be seen from the income levels of 20 C.F.R. § 404.1534(b), which are set out in the margin,[2] appellant's income fell between the two levels in 1975, above the higher level in 1976 and 1978, and right on the higher level in 1977. The ALJ stated that appellant's "repetitive and consistent work record ... puts the claimant beyond the minimal resource amount which disqualifies her for any benefits." Admin.R. at 27. Appellant contends that the ALJ relied solely on the levels of income in arriving at his conclusion that appellant was capable of engaging in substantial gainful activity. Appellant correctly states that "[n]o level of earnings creates a conclusive presumption that a claimant is not entitled to disability benefits." Appellant's Brief at 33. We disagree, however, with appellant's assertion that the Secretary's decision is flawed because sole reliance was placed on appellant's earnings in arriving at the conclusion that appellant could engage in substantial gainful activity.

Any misunderstanding of the applicable regulations by the ALJ was cleared up by the decision of the Appeals Council of the Bureau of Hearings and Appeals.

The Appeals Council has reviewed this evidence in detail and the administrative law judge's assessment of that evidence and concludes that the evidence of record of the claimant's work activity was fully evaluated in accordance with the applicable regulations. In this regard, Section 404.1534(b) of Regulations No. 4 sets

---

**2.** (1) *Earnings that will ordinarily show that a person has done substantial gainful activity.* We will ordinarily consider that a person's earnings from work activity show that he or she has done substantial gainful activity if—

(i) Earnings averaged more than $200 a month in calendar years prior to 1976:

(ii) Earnings averaged more than $230 a month in calendar year 1976;

(iii) Earnings averaged more than $240 a month in calendar year 1977;

(iv) Earnings averaged more than $260 a month in calendar year 1978; or

(v) Earnings averaged more than $280 a month in calendar years after 1978; and

(vi) There is no evidence that the person was unable to do substantial gainful activity under the rules in §§ 404.1532 and 404.1533 and paragraph (a) of this section.

(2) *Earnings that will ordinarily show that a person has not done substantial gainful activity.* We will ordinarily consider that a person's earnings from work activity as an employee show that he or she has not done substantial gainful activity if—

(i) Earnings averaged less than $130 a month in calendar years prior to 1976;

(ii) Earnings averaged less than $150 a month in calendar year 1976;

(iii) Earnings averaged less than $160 a month in calendar year 1977;

(iv) Earnings averaged less than $170 a month in calendar year 1978; or

(v) Earnings averaged less than $180 a month in calendar years after 1978; and

(vi) There is no evidence that the person was able to do substantial gainful activity under the rules in §§ 404.1532 and 404.1533 and paragraph (a) of this section.

20 C.F.R. § 404.1534(b) (1979).

forth the monetary value that is deemed to demonstrate ability to engage in substantial gainful activity. The reported earnings documents and the claimant's testimony substantiates the administrative law judge's conclusion on this point. The Council is also fully cognizant that the amount of money earned is not, in and of itself, a bar to benefits. However, notwithstanding the fact that some employers stated that the claimant missed some work because of her impairments, the consistent work record up to the date of the hearing must be considered, in combination with the medical evidence of record, as persuasive evidence of an ability to engage in substantial gainful activity.

Admin.R. at 7.

Having found that substantial evidence supports the findings of the Secretary, our review of this case can go no further. Congress has mandated that findings supported by substantial evidence are conclusive upon us. The conclusive findings in this case require our affirmance of the district court, which had likewise affirmed the decision of the Secretary.

*Judgment accordingly.*