**James T. DUNN, Plaintiff,**

v.

**Donna E. SHALALA, Defendant.**

**Civ. A. No. 93–1210.**

United States District Court, District of Columbia.

Nov. 9, 1994.

Timothy E. Mering, Baltimore, MD, for plaintiff.

Wyneva Johnson, Washington, DC, for defendant.

## OPINION AND ORDER

FRIEDMAN, District Judge.

James T. Dunn brought this action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review the final decision of the Secretary of Health and Human Services denying Dunn's application for disability insurance benefits under Title II and Supplemental Security Income benefits under Title XVI of the Social Security Act. 42 U.S.C. §§ 401–423, 1381–1383. He now moves for summary reversal and remand of that decision, and the Secretary moves for summary

affirmance. The Court heard oral argument on the motions and has carefully reviewed the motions papers and the Administrative Record.

## I. BACKGROUND

### A. Facts

Mr. Dunn is 46 years old and has a twelfth grade education and custodial training. He attended college for one year. Administrative Record ("A.R.") 13–14. In September of 1990, he filed an application for disability benefits with the Social Security Administration. The Department of Health and Human Services denied his claim and, later, his motion for reconsideration. A.R. 4–5. Pursuant to Mr. Dunn's requested *de novo* consideration of his claims, an Administrative Law Judge heard the case on November 13, 1991. Mr. Dunn testified with the assistance of counsel. The ALJ left the record open for two weeks to allow Dunn to submit additional evidence. He submitted no further evidence.

On March 10, 1992, the ALJ issued a decision finding that Dunn was capable of performing his past relevant work as a custodial manager, property manager and carpet cleaner and therefore was not disabled within the meaning of the Act. A.R. 13–20. On May 14, 1993, the Social Security Agency Appeals Council denied Mr. Dunn's request to review the ALJ's decision, thus making the ALJ's decision final and subject to review by this Court. A.R. 4–5.

### B. Statutory and Regulatory Framework

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Inability to engage in substantial gainful activity includes inability to do previous work or "other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Secretary has promulgated regulations that set out a sequential five-step process for evaluating a Social Security disability claim. 20 C.F.R. §§ 404.1520(a)–(f). A claimant may be found to have no disability at any one of the sequential steps. The claimant must prove (1) that he is not presently engaged in substantial gainful work, 20 C.F.R. §§ 404.1520(b), 416.920(b); (2) that he has a severe "impairment," 20 C.F.R. §§ 404.1520(b), 416.920(c); and either (3) that he suffers for the requisite duration from an impairment listed in the Secretary's regulations, 20 C.F.R. §§ 404.1520(d), 416.920(d); or (4) that he is incapable of performing work that he has done in the past, 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant carries his burden in the first four steps then, to make a finding of no disability, the Secretary must prove that the claimant is capable of performing other gainful work. 20 C.F.R. §§ 404.1520(f), 416.920(f). *See Simms v. Sullivan,* 877 F.2d 1047, 1049 (D.C.Cir.1989); *Brown v. Bowen,* 794 F.2d 703, 705–06 (D.C.Cir.1986).

It is the ALJ's adverse determination at the fourth step, ability to perform past work, that has resulted in Dunn's request for judicial review. In evaluating a claimant's ability to perform past relevant work, the Secretary's regulations require the ALJ to review the claimant's "residual functional capacity" for work activity. 20 C.F.R. §§ 404.1520(e), 416.920(e). To conduct this review, the ALJ must first evaluate the physical and mental demands of the claimant's past relevant work. Next, the ALJ must consider the cumulative effects of claimant's physical and psychological impairments. Finally, the ALJ must compare the requirements of the past work with the claimant's present capabilities. *Brown v. Bowen,* 794 F.2d at 707.

### C. The ALJ's Disability Evaluation

After considering the first three steps in the procedure for evaluating a disability claim, the ALJ evaluated Dunn's residual functional capacity to perform past relevant work. The ALJ first evaluated the demands of Dunn's past jobs, although his Decision and Findings show that he only evaluated the physical and not the mental demands of Mr. Dunn's past work. A.R. 14, 19. The ALJ

next assessed the cumulative effects of plaintiff's physical and mental impairments. A.R. 14–18. As to Mr. Dunn's physical functional capacity, the ALJ concluded that Dunn "retains the exertional ability to perform all levels of work." A.R. 17. As to Dunn's mental functional capacity, the ALJ found that Mr. Dunn suffers from a depressive syndrome and concluded that this impairment would prevent Dunn from performing "work involving contact with many people." A.R. 18. The ALJ continued, stating that "despite this limitation, the Administrative Law Judge finds the claimant retains the ability to perform his past work as a custodial manager, property manager, and carpet cleaner." A.R. 18. The ALJ noted that with medication Dunn had in the past recovered from his depression. *Id.*

Although the ALJ followed the requisite analysis, plaintiff argues that the Secretary's decision to deny disability benefits was not supported by substantial evidence, either with respect to the claimant's physical or mental impairment.

### D. Standard of Review

■ The Court must affirm the Secretary's decision regarding a claimant's disability if, on the basis of the entire record, it is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Simms v. Harris*, 662 F.2d 774, 777 (D.C.Cir.1980). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. at 401, 91 S.Ct. at 1427 (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). To determine whether the Secretary's decision is supported by substantial evidence, the Court must "carefully scrutinize the entire record." *Davis v. Heckler*, 566 F.Supp. 1193, 1195 (D.D.C.1983) (quoting *Klug v. Weinberger*, 514 F.2d 423, 425 (8th Cir.1975)); *see* 42 U.S.C. § 405(g). The Court may not reweigh the evidence and "replace the Secretary's judgment regarding the weight and validity of the evidence with

its own." *Davis v. Heckler*, 566 F.Supp. at 1195.

### II. DISCUSSION

#### A. The ALJ's Determination on Plaintiff's Physical Impairments

■ In considering Mr. Dunn's physical capacity to perform the work he has done in the past, the ALJ found no pulmonary impairment that caused exertional limitations precluding Mr. Dunn's performance of his past relevant work. A.R. 17. This finding was based primarily on Dr. Paul Schlein's opinion that pulmonary function tests established that Mr. Dunn was not disabled. A.R. 16, 220–24. Dr. Schlein is a Board-certified internist and specialist in internal medicine and pulmonary disease. A.R. 16, 225. He based his opinion on a physical examination of Mr. Dunn and on the results of chest x-rays and pulmonary function testing. His findings were supported by the findings of Dr. Edwin L. Chapman, who also examined Mr. Dunn. A.R. 16, 209–210.

The ALJ evaluated and discounted the evidence presented by plaintiff that lent some support to his claim. The ALJ considered the opinion of Dr. Shawn M. Magee, who found that Dunn had some physical limitations that supported a finding of disability. A.R. 17. In addition, pursuant to Social Security Ruling 88–13 and 20 C.F.R. §§ 404.1529 and 416.929, the ALJ considered Mr. Dunn's own testimony regarding his subjective symptomatology. A.R. 14–16. The ALJ declined to give Dr. Magee's opinion much weight because he was not plaintiff's treating physician, he only examined Mr. Dunn once and he based his conclusions exclusively on x-ray findings and did not consider pulmonary function test results. A.R. 17–18. Furthermore, based on the objective evidence presented by the Secretary and on the ALJ's opportunity to observe the witness, the ALJ found that plaintiff's allegations of pain, shortness of breath and breathing problems were not credible. A.R. 17.

■ Plaintiff argues that the ALJ did not give proper weight to the results of the pulmonary function test, which, Mr. Dunn contends, is objective evidence that he has an

exertional impairment. The Court finds that the ALJ's evaluation of the evidence regarding the pulmonary function testing was supported by substantial evidence. In giving considerable weight to Dr. Schlein's opinion that Mr. Dunn was not functionally impaired, the ALJ permissibly gave great weight to the pulmonary function testing, albeit to Dr. Schlein's interpretation of the testing as opposed to Mr. Dunn's. The ALJ properly exercised his discretion as the fact-finder in discounting Mr. Dunn's testimony as lacking in credibility and in discounting Dr. Magee's opinion in favor of Dr. Schlein's. The Court will not substitute its own findings and conclusions from the evidence for the ALJ's and the Secretary's supported judgment concerning the weight and validity of the evidence in the record. *Davis v. Heckler,* 566 F.Supp. at 1195.

■ Plaintiff also asserts that the ALJ did not properly consider the nonexertional effects of his past relevant work; his past jobs involved exposure to dust, fumes and temperature changes that he claims were intolerable due to his pulmonary impairment. Because the ALJ found that Mr. Dunn had no exertional limitations and was not restricted to work in certain environments, A.R. 18, the ALJ did not explicitly discuss whether Mr. Dunn's past jobs involved exposure to dust, fumes and temperature changes. In view of the ALJ's finding that Dunn has no exertional limitations, however, the ALJ did not have to find explicitly that he is unable to work in jobs that would expose him to fumes, dust and temperature changes; that finding was implicit.

As discussed above, the ALJ's opinion that the plaintiff had no exertional limitations was supported by substantial evidence. The ALJ did not find credible Mr. Dunn's testimony

that his pain and shortness of breath limited the nonexertional effects he could encounter at his work. A.R. 17. He also gave little weight to Dr. Magee's opinion that Mr. Dunn should not work where he would be exposed to dust or humidity. A.R. 17–18. Instead, the ALJ gave considerable weight to Dr. Schlein's opinion that plaintiff had no exertional limitations and therefore could work in environments where there is exposure to dust, fumes and high temperature.

Although there was conflicting evidence on these matters, there was substantial evidence in the record on which the ALJ properly relied in determining that the plaintiff had no physical limitations. This is not a case where the ALJ placed reliance on one portion of the record and disregarded overwhelming evidence to the contrary, *see Davis v. Heckler,* 566 F.Supp. at 1196–97, but one in which the ALJ's findings and conclusions are supported by substantial evidence. The Court will not substitute its judgment for the ALJ's.[1]

### B. *The ALJ's Determination on Plaintiff's Mental Impairment*

■ Plaintiff argues that the Secretary failed to take into account his mental impairment. That is not true. The ALJ did consider Mr. Dunn's mental impairment.[2] Based in part on Dr. David A. Lanham's psychiatric examination of Mr. Dunn, the ALJ found that the plaintiff

suffers from a depressive syndrome, as evidenced by appetite disturbance with change in weight, sleep disturbance, psychomotor retardation, and thoughts of suicide, and a substance addiction disorder based upon his depressive syndrome, which result in slight difficulties in maintaining social functioning, deficiencies of concentration, persistence, or pace seldom

---

**1.** The Court also finds that the ALJ did not err by his failure to address the finding of Dr. Duhaney who reviewed Dr. Schlein's report and concluded that Mr. Dunn should avoid all exposure to "fumes, odors, dust, gases, poor ventilation." A.R. 227, 230.

**2.** The ALJ complied with the special procedures that apply when a claimant seeks disability benefits for a mental impairment. 20 C.F.R. § 404.1520a. The ALJ prepared and relied upon an OHA Psychiatric Review Technique Form as

required by 20 C.F.R. § 404.1520a(d). In addition, a qualified psychiatrist completed the Mental Residual Functional Capacity Assessment as required by 42 U.S.C. § 421(h). *Poulin v. Bowen,* 817 F.2d 865, 873 n. 73 (D.C.Cir.1987); A.R. 234–44. *See* A.R. 21–24. Despite the ALJ's compliance with section 404.1520a, the Court must still examine the whole record to determine whether the ALJ's decision was supported by substantial evidence.

resulting in a failure to complete tasks in a timely manner, and one or two episodes of deterioration or decompensation in work or work-like settings which cause him to withdraw from that situation or to experience exacerbation of signs or symptoms.

A.R. 18. The Court finds that the record provides substantial evidence for this finding. The ALJ concluded that due to plaintiff's mental problems, he "cannot perform work involving contact with many people." A.R. 18. Although the ALJ did not explain how he arrived at this conclusion, the conclusion finds support in the Mental Residual Functional Capacity Assessment prepared for the Secretary by Dr. Gemma Nachbahr. *See* A.R. 242.

The ALJ also found, however, that despite this limitation, plaintiff retains the ability to perform his past work as a custodial manager, property manager and carpet cleaner. The Court concludes that this finding is not supported by substantial evidence because the ALJ failed to adequately evaluate the mental requirements of plaintiff's past work and failed to support with sufficient evidence his conclusion that Mr. Dunn's impairment does not prevent him from performing his past relevant work.

In the Mental Residual Functional Capacity Assessment, Dr. Nachbahr opined that claimant is only "capable of low-stress work." A.R. 236. The ALJ did not discuss Dr. Nachbahr's opinion or anywhere address whether stress posed a limitation on the type of work Mr. Dunn could perform and specifically whether work as a custodial manager, property manager and carpet cleaner is stressful work.

The record shows that plaintiff's past jobs involved working with people, A.R. 34, 80, 85, 86, 87, 88. This evidence is uncontradicted. Yet, while the ALJ concluded that Mr. Dunn cannot perform work involving contact with many people, A.R. 18, he did not address the mental requirements of plaintiff's past work and made no findings regarding whether Mr. Dunn's past relevant work involved contact with people. Plaintiff also stated that his prior jobs involved significant stress, A.R. 34–35, and the ALJ did not discount Mr. Dunn's credibility on the issue of mental impairment. Yet, the ALJ made no findings regarding the level of stress inherent in Mr. Dunn's past relevant work. Without comparing claimant's impairments—not just physically but also mentally—with the requirements of his past job, the ALJ could not legitimately conclude that plaintiff could perform the relevant work he had performed in the past. *Brown v. Bowen*, 794 F.2d at 707.

In addition to ignoring evidence of plaintiff's inability to withstand stress and failing to address the mental requirements of plaintiff's past relevant work, the ALJ relied on evidence that fails to provide substantial support for his findings regarding the affects of plaintiff's mental impairment on his residual functional capacity. The ALJ placed undo reliance on Dr. Lanham's opinion that Mr. Dunn could perform work if a job was available and read much more into this opinion than is warranted. A.R. 16–18. Dr. Lanham stated only that the claimant "should be able to attempt another job in the next few months, if he can get one." A.R. 218. This opinion is not substantial evidence supporting the ALJ's finding that plaintiff's mental impairment would not prevent him from performing past relevant work. It makes no mention of what type of job Dr. Lanham believed Mr. Dunn could perform and neither states, nor provides support for the ALJ to conclude, that plaintiff could perform his past relevant work as a custodial manager, property manager and carpet cleaner. *Cf. Stankiewicz v. Sullivan*, 901 F.2d 131, 133–35 (D.C.Cir.1990).

The ALJ also found that plaintiff recovered fully with medication. A.R. 18. This finding implies that Mr. Dunn can control his disabling depressive syndrome sufficiently so that his mental impairment would not limit him from doing the same work he did in the past. The record does not support this implication. It indicates only that Mr. Dunn has in the past "rapidly improved" when taking medication, A.R. 250, but this evidence falls short of supporting an inference that medication allows plaintiff to recover to the point that he can perform past relevant work. Temporary improvement and ability to hold a job are not indicative of a lack of a disability due to a mental impairment. *Poulin v. Bowen*, 817 F.2d at 875–76.

In sum, plaintiff presented evidence that his past relevant employment involved working with people and exposed plaintiff to a high level of stress. A.R. 34–35, 80, 85–88. No contrary evidence appears in the record. Accordingly, the ALJ's finding that plaintiff's impairment does not limit him from performing past relevant work is unsupported by any evidence. The evidence that Mr. Dunn could obtain *some* employment and hold down *some* job is perhaps relevant to the issue of whether the Secretary could demonstrate that plaintiff is capable of performing other gainful work in view of his age, education, past work experience and residual functional capacity—step five in the sequential analysis of disability—but it does not sustain a conclusion that he is capable of performing the work that he has done in the past. 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). *See Simms v. Sullivan,* 877 F.2d at 1049.

### III. CONCLUSION

On the record before it, the Court must reverse the Secretary's determination that plaintiff is not disabled, as substantial evidence does not support the ALJ's decision that plaintiff is mentally able to resume past relevant employment. The Court therefore remands the case to the Secretary to determine if Mr. Dunn retains the capacity to perform other substantial gainful activity. *See Davis v. Heckler,* 566 F.Supp. at 1199. Accordingly, it is hereby

ORDERED that plaintiff's motion for summary reversal of the Secretary's decision denying plaintiff's claim for an award of disability benefits is granted; and it is

FURTHER ORDERED that this case is remanded to the Secretary for reevaluation of the evidence in the record and further proceedings, as appropriate, not inconsistent with this Opinion and Order; and it is

FURTHER ORDERED that defendant's motion for summary affirmance of the Secretary's decision is denied.

SO ORDERED.